IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CR 117-34 |
| v. | * | |
| | * | |
| REALITY LEIGH WINNER, | * | |
| | * | |
| Defendant. | * | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EXCULPATORY EVIDENCE (DOC. 23)**

COMES NOW the United States of America, by and through James D. Durham, Acting United States Attorney for the Southern District of Georgia, and responds to Defendant Reality Leigh Winner's Motion for Exculpatory Evidence (docs. 17, 23) as follows:

The Government will provide all materials of an exculpatory or arguably favorable nature, together with all information pertaining to its witnesses of an arguably impeaching nature, as soon as practicable. Some arguably exculpatory or mitigating material may be classified, and thus may only be disclosed following the entry of a Protective Order, execution of a Memorandum of Understanding, and a grant of appropriate clearance to defense counsel.

Information provided at the appropriate time will include "RAP" sheets for witnesses, plea agreements, promises of leniency, or grants of immunity to any witness, prior bad acts of witnesses to the extent they are known to the Government, prior inconsistent statements, misidentifications, or the like. The Government recognizes its continuing duty to provide such materials as they become available. This intention to provide exculpatory, arguably favorable, or impeaching information on an immediate and continuing basis should not be construed so as to

1

relieve the Defendant of making particularized demands and showings of materiality and need for specifically identified items, for while the Government fully intends a good faith effort to identify and produce materials under its obligation as defined by Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), United States v. Agurs, 427 U.S. 97 (1976), and their progeny, characterizations of particular items or information as falling within that obligation may differ, and a Defendant may find exculpatory or impeaching use of an item of information in a manner not apparent to or anticipated by the Government. Likewise, nothing herein should be construed to relieve a Defendant of the obligation to acquire on her own matters of public record.

Respectfully submitted,

JAMES D. DURHAM
ACTING UNITED STATES ATTORNEY

*//s// Jennifer G. Solari*

Jennifer G. Solari
Assistant United States Attorney

*//s// David C. Aaron*

David C. Aaron
Trial Attorney
U. S. Department of Justice
National Security Division

*//s// Julie Edelstein*

Julie Edelstein
Trial Attorney
U. S. Department of Justice
National Security Division

# **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 30th day of June, 2017.

             JAMES D. DURHAM
             ACTING UNITED STATES ATTORNEY

             *//s// Jennifer G. Solari*

             Jennifer G. Solari
             Assistant United States Attorney

Post Office Box 8970
Savannah, Georgia 31401
Telephone No: 912-652-4422