IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CR 117-34 |
| | * | |
| v. | * | |
| | * | |
| **REALITY LEIGH WINNER,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*

## SUPPLEMENTAL PROTECTIVE ORDER PURSUANT TO SECTION 3 OF THE CLASSIFIED INFORMATION PROCEDURES ACT

Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"); the Revised Security Procedures established pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA § 9) (hereinafter the "Security Procedures"); the Federal Rules of Criminal Procedure 16(d) and 57; and the general supervisory authority of the Court; and in order to protect national security, the Court grants the government's request, to which the defense has consented, for a Supplemental Protective Order to prevent the unauthorized disclosure or dissemination of classified national security information (a) that defendant Reality Winner ("the defendant") provides to defense counsel, or (b) that the Government provides to defense counsel pursuant to this Court's Protective Order dated August 3, 2017 ("Section 3 Protective Order") and authorizes defense counsel to disclose to the defendant.

IT IS HEREBY ORDERED:

1. Except as specifically provided herein, this Order incorporates the purpose, findings, procedures, definitions, security requirements, and all other provisions of the Section 3 Protective Order, and does not reduce or supersede any other obligations to which the defendant is subject regarding the storage, handling, transmission, or communication of classified information.

2. The defense[1] may disclose classified information to the defendant as set forth herein if the defendant executes the Memorandum of Understanding (MOU) referenced in the Section 3 Protective Order.

3. All requirements set forth in the Section 3 Protective Order for members of the defense, other than the requirement to obtain a security clearance, shall apply to the defendant, including those governing the handling of classified information and those prohibiting unauthorized disclosure of classified information.

4. The defense may only disclose classified information to the defendant that either (a) the defendant has previously disclosed to the defense, or (b) the government has both disclosed to the defense and marked "Authorized for disclosure to REALITY LEIGH WINNER in *United States v. Reality Leigh Winner,* Crim. No. 117-34." The Court understands that the government will authorize such disclosure as to all classified information that the government has determined to be discoverable as of August 10, 2017, including the following materials:[2]

---

[1] *See* Section 3 Protective Order para. 13.

[2] The Court further understands that additional classified information may be determined to be discoverable. If such information is identified, the parties shall make efforts to agree upon a

2

   a. Intelligence reporting;

   b. Network audit logs of U.S. Government agency;

   c. FBI reports (known as "302s");

   d. U.S. Government agency email correspondence with an external entity dated on or about May 30-June 5, 2017;

   e. U.S. Government agency internal security report;

   f. Unredacted transcript of FBI interview with Reality Winner dated June 3, 2017;

   g. Audio recording of FBI interview with Reality Winner dated June 3, 2017;

   h. Handwritten note of Reality Winner;

   i. Written correspondence of Reality Winner;

   j. Correspondence of a contractor for the U.S. Government dated on or about May 24-June 1, 2017.

5. The defense may not confirm or deny to the defendant assertions made by the defendant based on knowledge the defense may have obtained from classified information, except

---

discovery procedure consistent with this Order. If no agreement is reached, the parties shall move the Court to resolve the issue.

The government has reserved the right to move to withhold classified information from the defendant depending on what additional classified information, if any, is determined to be discoverable. The defendant agrees with this procedure but asserts that the defense is entitled to disclose all classified information determined to be discoverable in this case to the defendant. As such, the defendant reserves the right to challenge any decision by the government to withhold classified information from the defendant.

where that classified information has been properly disclosed to the defendant pursuant to this Order. Any classified information the defense discloses to or discusses with the defendant in any way shall be handled in accordance with this Order and the MOU.

6. Based on the defendant's prior security clearance, the defendant has a continuing contractual obligation to the government not to disclose to any unauthorized person classified information known to her or in her possession. The government is entitled to enforce that agreement to maintain the confidentiality of classified information. Moreover, the defendant must sign the MOU. In addition, the defendant is subject to this Court's authority, contempt powers, and other authorities, and shall fully comply with the nondisclosure agreements she has signed, this Order, the MOU, and applicable statutes.

7. The Classified Information Security Officer (CISO) shall provide for the defendant to have access to classified information in a Secure Area consistent with requirements for the storage and processing of classified information and with requirements for pretrial detainees, to the extent that the defendant remains detained.

8. All notes and other materials of the defendant that the defendant or the defense has reason to believe may contain classified information, or information derived from classified information, shall be maintained consistent with the CISO's instructions. If the defendant or defense are uncertain as to whether such materials contain classified information or information derived therefrom, they shall consult with the CISO before removing such materials from the Secure Area.

9.      The defendant shall not disclose classified information to anyone other than authorized members of the defense who have received a security clearance and executed the MOU. The defendant shall only disclose or discuss classified information to such individuals within the Secure Area designated by the CISO.

10.     The defendant shall not disclose or discuss classified information over a commercial telephone or other electronic means of communication.

11.     <u>Violations of this Order</u>.  Unauthorized use or disclosure of classified information may constitute violations of United States criminal laws.   In addition, any violation of the terms of this Order shall be brought immediately to the attention of the Court, and may result in a charge of contempt of Court and possible referral for criminal prosecution.  Any breach of this Order may also result in termination of an individual's access to classified information.  Persons subject to this Order are advised that direct or indirect unauthorized use, disclosure, retention, or negligent handling of classified information could cause serious damage, and in some cases exceptionally grave damage, to the national security of the United States, or may be used to the advantage of a foreign nation against the interests of the United States.  This Order is to ensure that those authorized by this Order to receive classified information in connection with this case will never divulge that information to anyone not authorized to receive it, or otherwise use the classified information, without prior written authorization from the Originating Agency and in conformity with this Order.

12.     Nothing contained in this Order shall be construed as a waiver of any right of the defendant.  No admission made by the defendant or her counsel during pretrial CIPA conferences

may be used against the defendant unless it is in writing and signed by the defendant.  *See* CIPA § 2.

13.   Nothing in this Order shall preclude the Government from seeking a further protective order pursuant to CIPA and/or Rule 16(d) of the Federal Rules of Criminal Procedure as to particular items of discovery material.

14.   A copy of this Order shall be issued forthwith to counsel for the defendant who shall be responsible for advising the defendant of the contents of this Order.  The defendant shall execute the MOU, and the defense shall file executed originals of such documents with the Court and the CISO and serve an executed original upon the government.  The execution and filing of the MOU is a condition precedent for the defendant to have access to classified information.

SO ORDERED this 16th day of August, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA