**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

|                                    |     |            |
| ---------------------------------- | --- | ---------- |
|                                    | *   |            |
| **UNITED STATES OF AMERICA**       | *   |            |
|                                    | *   |            |
| **v.**                             | *   | **CR 117-34** |
|                                    | *   |            |
| **Reality Leigh Winner**           | *   |            |
|                                    | *   |            |
| **Defendant**                      | *   |            |
|                                    | *********** |  |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OPPOSITION TO MOTION TO MODIFY AMENDED SCHEDULING ORDER

The United States of America, by and through its undersigned counsel, hereby responds to the Defendant's Opposition to the Government's Motion to Modify this Court's Amended Scheduling Order, entered on August 31, 2017. As the government has indicated, litigation under the Classified Information Procedures Act, 18 U.S.C. App. III (CIPA), must proceed in sequence, section by section, because one section cannot be adequately addressed until matters under the preceding section have been resolved. *See* Dkt. No. 30; *id.* at 9-15 (detailing Section 5 and Section 6 proceedings).

On August 31, 2017, this Court entered an Amended Scheduling Order that established deadlines for notice by the Defendant under Section 5 of CIPA, the government's response under Section 6, and a hearing under Section 6 (Dkt. No. 66, hereinafter "Amended Scheduling Order"). The following day, on September 1, the Government filed its Motion to Modify Amended Scheduling Order (Dkt. No. 68, hereinafter "Government Motion" or "Gov. Mot."), which requested that the Court set a briefing schedule in advance of a Section 6(a) hearing. A week later, on September 8, 2017, after the Court set a hearing on the motion, the defense filed its

Memorandum in Opposition to Government's Motion to Modify Amended Scheduling Order (Dkt. No. 79, hereinafter "Defense Opposition" or "Def. Opp.").

Contrary to the Defense Opposition, the government's proposal sets a reasonable briefing schedule, which is well-founded, is equitable to both parties, and will expeditiously move this case to trial.  The government further submits that its proposed schedule is consistent with the Court's intent, the sequential nature of litigation under CIPA, and the government's pretrial obligations separate and apart from CIPA.

The intent of the government's motion was to maintain the overall schedule the Court established, while ensuring that the sequence of notices, motions, and hearings under CIPA Sections 5 and 6 are appropriately separated to allow for complete briefing and to appropriately frame the issues.  For example, the need for, and subject of, a potential Section 6(c) proceeding is determined by the outcome of Section 6(a) proceedings, so the government's proposed modification only includes a deadline for Section 6(a).  If the Defendant wishes to add time for the defense to respond to the government's objections to her Section 5 notice or to the government's Section 6(a) motion, as described in the Defense Opposition, the government does not object, but notes that the additional time may cause the delay of the trial date in this case.

## I.     The Government's Proposal Sets Forth Reasonable Deadlines That Are Well-Founded and Equitable to Both Parties

The defense asserts that the government's proposal is imbalanced and does not provide the defense sufficient time for filing deadlines.  The Defendant raises two primary complaints:  that the government's proposal: (1) allots more time for the government to file objections to the Defendant's Section 5 notice than for the Defendant to respond to those objections; and (2) allots more time for the government to file a motion under Section 6(a) than for the Defendant to respond.

As set forth below, the defense's complaints are meritless, but in any event, the government does not object if the Court is inclined to provide more time to the Defendant for such responses.

   A. *Section 5 Schedule*

   At the request of the Defendant, the Court has extended the defense deadline for filing notice under Section 5 until the later of November 1, 2017 or 30 days after certain members of the defense team receive security clearances.  *See* Amended Scheduling Order.  The Court, and the government's proposed Order, provide that same date as the deadline for all other defense pretrial motions.  *See id*; Gov. Mot. at 1.  The proposed schedule then provides the government three weeks not only to object to the adequacy of the Defendant's Section 5 notice, but also to respond to all other defense pretrial motions.  The proposed Order then provides the Defendant one week to file responsive pleadings, if any are necessary.

   In asserting that the government has proposed an unfair schedule, the Defendant overlooks several factors.  First, and most significantly, the Court itself included this initial sequencing and timing in its Amended Scheduling Order.  Second, the government's three-week deadline will apply not only to objections under CIPA Section 5, but also to all pretrial motions.  Third, when a party (here, the Defendant) files an initial pleading, such as the Defendant's Section 5 notice and pretrial motions, it is routine for the opposing party (here, the government) to receive more time to respond to that initial pleading than the moving party (here, the Defendant) receives to file a reply to that response.  Accordingly, the three-week deadline is appropriate.

B.      *Section 6(a) Schedule*

The Court's Amended Scheduling Order provides six weeks between the filing of an adequate Section 5 notice and a hearing under Section 6.  The government's proposed modification maintains the six-week period that commences upon the defense providing adequate notice under Section 5, but breaks that period down to ensure sufficient briefing by both sides before the hearing, and specifies that the hearing will address issues raised under Section 6(a).  It gives the government three weeks to make its initial motion from the time that the Defendant's Section 5 notice is deemed adequate.  The proposed schedule gives the Defendant two weeks to respond, followed by a one-week reply deadline for the government.

The reason for the difference between the government's deadline to bring a motion and the deadline for the Defendant to oppose it is twofold.  First, in this instance, the government must file the initial motion, and that motion will relate to the relevance, use, and admissibility of evidence (*i.e.*, the evidence that the Defendant's Section 5 notice identifies) that the Defendant will have already spent considerable time analyzing.  Second, the government must coordinate its response with senior officials at the U.S. government agency or agencies responsible for such information. This process may be particularly time-intensive because the government anticipates that the Defendant's Section 5 notice may include classified information beyond what the government has provided in discovery. The two-week deadline for the defense response—followed by a one-week reply deadline for the government, similar to the one-week reply deadline for the defense with respect to Section 5, discussed above—should provide the defense adequate time while respecting the overall schedule the Court established.

## II.     The Government's Proposal Is Consistent with the Court's Intent To Set CIPA Deadlines

The Defendant argues, as she did at the August 30, 2017 status hearing before this Court, that the Court should not set any deadlines related to CIPA at this time.  The Court rejected that argument at the status hearing and set forth a schedule in the Amended Scheduling Order.  The government's motion to modify that Order is simply intended to ensure that there are appropriate briefing deadlines in place prior to any Section 6(a) hearing, and that the sequence of proceedings under the remaining subsections of Section 6 is preserved.  The proposal set forth in the Government's Motion is consistent with this Court's intention to set appropriate CIPA deadlines in order to move this case toward its March 19, 2018 trial date.[1]

---

[1] As the Court has noted, maintaining a schedule in this case is critical.  This case is a single-defendant case involving a single count, which alleges criminal activity during a very limited time period.  As a result, discovery and pretrial litigation should be straightforward.

The Defendant has nonetheless made extensive discovery demands for classified information, and intends to make more such demands.  *See* Def. Opp. at 2, 5-6.  Those demands appear to be based largely on a misunderstanding of the elements the government must prove at trial, and on a defense theory that improperly relies on arguments for jury nullification.  These types of overbroad, meritless requests unnecessarily delay resolution of cases and do not justify moving pretrial deadlines.

Furthermore, the Defense Opposition also makes several references to the Defendant's objections to the government's *ex parte* motion under CIPA Section 4.  *See* Def. Opp. at 6 n.8, 7, 8.  The government understands that those objections were sent to the Classified Information Security Officer, but they have not been served on the government.  The Court's June 30 Scheduling Order (Dkt. No. 33) set the government's CIPA Section 4 deadline for August 25.  On that date, in accordance with well-established precedent that the government described in a previous filing, *see* Dkt. No. 30 at 8-9, the government filed its CIPA Section 4 motion *ex parte*.  The government filed notice of that motion on the open docket, with service to counsel for the Defendant (Dkt. No. 62).  The defense objected to the *ex parte* procedure on September 8, 2017, two weeks after the government's filing deadline.  In any event, any such objections are meritless and should not be a basis for any delay.  Courts uniformly uphold the practice of proceeding *ex parte* where—as is the case in the Section 4 Motion filed in this case—the substance of classified information that the government seeks to protect under Section 4 is discussed in the motion.

## III.    Conclusion

The government's proposed modification to the Court's Amended Scheduling Order preserves the schedule the Court established, ensures a proper briefing schedule, and maintains the sequential order of decisions under CIPA Section 6.  It will therefore facilitate CIPA proceedings without delay of the trial date.  The proposed modification provides appropriate time to each party at every stage.  The government takes no position, however, regarding the Defendant's request for additional time to file a response to the government's objections to the Defendant's Section 5 notice and/or additional time to file a response to the government's Section 6(a) motion.


Respectfully submitted,

James D. Durham
Acting United States Attorney

By:          /s/
Jennifer G. Solari
Assistant United States Attorney

          /s/
David C. Aaron
Julie Edelstein
Trial Attorneys
U. S. Department of Justice
National Security Division

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 11th day of September 2017.

JAMES D. DURHAM
ACTING UNITED STATES ATTORNEY

*//s// **Julie A. Edelstein***

Julie A. Edelstein
Trial Attorney

600 E Street, N.W.
Washington, D.C. 20004
(202) 233-2260

7