IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 117-034 |
| | ) | |
| REALITY LEIGH WINNER | ) | |

**O R D E R**

On August 25, 2017, the government filed a motion entitled "Government's *Ex Parte, In Camera*, Under Seal Motion and Memorandum of Law for a Protective Order Pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1)."  (See doc. no. 62.)  On September 12, 2017, Defendant filed an objection to the government proceeding *ex parte* and requested a hearing. (Doc. no. 82.)  Upon review of the objection and consideration of the arguments presented at the September 14, 2017 hearing, the Court denies without prejudice the government's August 25th motion.  A new motion may be filed in accordance with the instructions provided herein.

Section 4 of the Classified Information Procedures Act ("CIPA") vests with the Court the power to

> authorize the United States to *delete specified items* of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to *substitute a summary* of the information for such classified documents, or to *substitute a statement* admitting relevant facts that the classified information would tend to prove.

18 U.S.C. App. 3 § 4 (emphasis added).   The statute further allows the government to make its request in an *ex parte* submission to the Court.   Id.

Defendant argues the government should not be allowed to submit its § 4 motion *ex parte* because her counsel have security clearances or are in the process of obtaining them. (Doc. no. 82, pp. 3-7.)   However, allowing defense counsel to participate in the CIPA § 4 proceedings would defeat the very purpose of the statute because "defense counsel would be able to see the information that the government asks the district court to keep from defense counsel's view." United States v. Campa, 529 F.3d 980, 995 (11th Cir. 2008).   Nor does anything in CIPA open the door to defense counsel's participation in the § 4 proceedings merely because they have obtained clearances for this case.   United States v. Amawi, 695 F.3d 457, 474 (6th Cir. 2012).   Nevertheless, as explained at the September 14th hearing, the Court will ensure participation of both sides to the fullest extent possible without running afoul of CIPA.

Upon initial review of the government's motion for a protective order, the Court concludes portions of the motion fall outside the scope of CIPA § 4.   As set forth above, a CIPA § 4 motion should be strictly limited to requests for deletions or substitutions of specific information in discovery.   In its *ex parte* motion, however, the government also requests judicial findings that general categories of information are not discoverable under Fed. R. Crim. P. 16.   Such requests fall outside the scope of *ex parte* filings authorized by § 4 of CIPA, as the government tacitly conceded during the brief *ex parte* hearing on September 14, 2017.

Accordingly, the Court will allow the government to refile, *ex parte*, a motion that strictly complies with CIPA § 4, on or before September 28, 2017. Defendant shall file an *ex parte* submission of her theories of defense on or before October 5, 2017, which the Court will then be able to use in evaluating the government's refiled CIPA § 4 motion. Any requests for judicial findings that general categories of information fall outside the scope of discovery shall be made by motion served on defense counsel.

SO ORDERED this 22nd day of September, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA