IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | *   CR 117-34 |
| v. | * |
| | * |
| REALITY LEIGH WINNER, | * |
| | * |
| Defendant. | * |
| | * |
| | * |
| | ******* |

**GOVERNMENT'S SUR-REPLY IN OPPOSITION TO THE DEFENDANT'S APPEAL OF THE MAGISTRATE JUDGE'S DETENTION ORDER AND REQUEST FOR A HEARING**

The United States, by and through the undersigned counsel, respectfully asks this Court to affirm rulings by Magistrate Judge Brian K. Epps that Defendant Reality Winner should be detained pending trial. In the Government's Response to Defendant's Appeal of the Magistrate Judge's Detention Order (Dkt. No. 131), the government detailed the procedural history of Judge Epps's two decisions to order the Defendant detained following detention hearings, and the Defendant's appeal of those decisions to this Court. On November 9, 2017, the Defendant filed a Reply brief arguing, for the first time, that, in determining whether to detain the Defendant, the Court cannot consider the danger she presents to the community (Dkt. No. 156) ("Def. Reply").

In this Sur-Reply, the government addresses only the Defendant's belatedly raised claim concerning danger to the community. The Defendant's new claim, like her other arguments, provides no basis to overturn Magistrate Judge Epps's two prior well-reasoned detention orders.

1

Judge Epps correctly determined that no condition or combination of conditions would reasonably assure both (a) the appearance of the Defendant as required and (b) the safety of the community if the Defendant were released.  Notably, *either* of those findings is sufficient to detain the Defendant.  *See United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988).  The Defendant's new argument relates only to Judge Epps's finding regarding the safety of the community.  Accordingly, even if the Defendant's new argument were correct—which it is not—the Court should still detain the Defendant because of risk of flight.

## I.     LEGAL STANDARDS

The Bail Reform Act sets forth a framework for determining whether a Court should detain a defendant pending trial.  18 U.S.C. § 3142.  The subsections of Section 3142 at issue here are (e), (f), and (g).[1]  Pursuant to subsection (e), a court must detain a defendant pending trial if, after a hearing pursuant to subsection (f) of the Act, the court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  Subsection (f) of the Bail Reform Act sets forth the circumstances under which the Court must convene a detention hearing.  Such a hearing is convened upon the motion of the government:  (1) under subsection (f)(1), when certain enumerated crimes are charged;[2] or under subsection (f)(2), when

---

[1] 18 U.S.C. § 3142(e), (f), and (g) are referred to herein as subsections (e), (f), and (g), respectively.

[2] These crimes include certain crimes of violence, offenses punishable by a maximum sentence of life imprisonment or death, certain drug offenses, certain repeat offenses, or crimes that

2

there is a serious risk of flight or obstruction of justice.  18 U.S.C. § 3142(f).  Finally, subsection (g) sets forth the factors the Court must consider in determining whether a defendant should be detained pending trial:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the "nature and seriousness of the danger to . . . the community" that the defendant's release would pose.  18 U.S.C. § 3142(g); *see also* Dkt. No. 99 at 5 (listing the subsection (g) factors); Dkt. No. 131 at 5 (same).[3]

## II.    ARGUMENT

The Defendant's brief argues for the first time that the Court cannot consider the danger the Defendant poses to the community because she is not charged with one of the crimes enumerated in subsection (f)(1).  This argument fundamentally misconstrues the purposes of different subsections of the Bail Reform Act and is inconsistent both with cases in the Eleventh Circuit and with cases in other circuits.  Judge Epps properly convened a detention hearing under

---

involve minors or certain weapons.  18 U.S.C. § 3142(f)(1).  The Defendant is not charged with any crime that falls under this subsection.

[3] Danger under subsection (g)(4) is not limited to a threat of physical harm.  *King*, 849 F.2d at 487 n.2 (citing S. Rep. No. 98-225, *reprinted at* 1984 U.S.C.C.A.N. 3182, 3195-96); *see also United States v. Alfred*, 2016 WL 5389185, at *1-2 (N.D. Ga. Sept. 27, 2016) (deciding that defendant should be detained as a danger to the community in part because of the "substantial risk that [he] has and, if released, will, threaten the financial resources and well-being of other citizens"); *United States v. Wardlaw*, 2009 WL 10674241, at *1-2 (N.D. Ga. Jan. 27, 2009) (finding that government had shown that defendant would pose a danger to the community because of his propensity to commit further financial crimes).

subsection (f)(2) because of the Defendant's risk of flight and appropriately considered all of the subsection (g) factors in ordering the Defendant detained.

### A. The Plain Language of the Bail Reform Act Requires Consideration of the Danger the Defendant Poses to the Community

As explained above, subsection (f) sets forth the circumstances that trigger a detention hearing, while subsection (g) sets forth the factors the Court must consider at such a hearing.  In this case, the detention hearing was convened pursuant to subsection (f)(2) because of the Defendant's risk of flight (not based upon a crime enumerated under subsection (f)(1)).  The bases for detaining a defendant under subsection (e), as well as the factors that the Court must consider under subsection (g), are the same regardless of whether the detention hearing was convened pursuant to (f)(1) or (f)(2).  Nothing in the Bail Reform Act limits the subsection (g) factors to be considered by the court based upon which part of subsection (f) triggered the hearing.  To the contrary, subsection (g) specifically states that, in determining whether *both* prongs of subsection (e)—risk of flight and dangerousness—are satisfied, the court "shall" consider all four factors, one of which is the nature and seriousness of potential harm to the community.  18 U.S.C. § 3142(g).

### B. Under Eleventh Circuit Law, the Court Should Consider Danger to the Community

As set forth above, considering whether the Defendant poses a danger to the community is consistent with the plain language of the statute.  The Defendant is correct that the Eleventh Circuit has not ruled explicitly on whether danger to the community may be considered in a hearing convened pursuant to subsection (f)(2) (that is, in a case that does not involve a crime

4

listed in (f)(1)), but cases within the Eleventh Circuit support the government's interpretation of the statute. The primary case relied upon by the Defendant to support her claim that this Court cannot consider the danger the Defendant poses to the community, *United States v. Giordano*, 370 F. Supp. 2d 1156 (S.D. Fla. 2005), is not dispositive and is contrary to other cases decided within the Eleventh Circuit.[4] Indeed, later in the same year that *Giordano* was decided, another judge in the same district more closely examined the specific question of whether a court may detain a defendant "on the basis of dangerousness even if the good faith basis for holding the detention hearing is a ground under subsection (f)(2)," and found that it could. *United States v.*

---

[4] In any event, *Giordano* does not, as the Defendant suggests, rule out consideration of a defendant's dangerousness in a detention hearing conducted under subsection (f)(2). Rather, *Giordano* stated that:

> [S]ection 3142(g)(4) requires that the Court assess the extent of danger posed by a defendant's release in weighing the factors relevant to a risk of flight analysis. One obvious consideration is whether a defendant would continue to engage in criminal acts . . . which acts would produce the means by which the defendant could ultimately flee the prosecution. Conversely, a second consideration is whether a defendant would flee and then engage in criminal acts to finance his flight.

370 F. Supp. 2d at 1269-70. *Giordano* further held that "danger" is not limited to physical harm, and that the "Court must consider what effect pretrial release would have on the danger that [the defendant] would continue to engage in fraudulent activity while out on bond. This factor *certainly weighs in favor of a detention order*" as long as it supports a finding of risk of flight. *Id.* at 1270 (emphasis added).

As the government has previously argued, there is ample evidence showing that the Defendant, if released, would receive incentives and assistance from outside parties, potentially including foreign intelligence services, to both flee and disclose without authorization additional classified information. Such acts could cause further exceptionally grave damage to national security. Accordingly, even if the Court were to consider only the risk of flight posed by the Defendant, it would be appropriate to consider dangerousness in this context.

5

*Holmes*, 438 F. Supp. 2d 1340, 1341 (S.D. Fla. 2005).  In particular, the *Holmes* court found that the question of whether to hold a detention hearing under subsection (f) is separate from an evaluation of factors under subsection (g), and that the determination based on the subsection (g) factors is therefore "independent of deciding whether a hearing should be held." *Id.* at 1349. Accordingly, the court concluded that if "a defendant poses an unreasonable risk" under subsection (g)(4), a court should "be allowed to impose . . . detention[.]  After all, just because an individual fails to come within the categories set forth in subsection (f)(1) does not necessarily exclude that person from being a danger to the community." *Id.*  To hold otherwise would "prevent judicial officers from fully performing their role under subsection (e) when presiding over a detention hearing brought pursuant to subsection (f)(2)." *Id.* at 1350.

The *Holmes* court further observed that failing to consider detention on the basis of dangerousness in a hearing prompted by subsection (f)(2) would ignore both the plain language of the Bail Reform Act as well as Congress's intent "that the courts actually consider [the subsection (g)] factors in every instance when a detention hearing properly takes place pursuant to § 3142(f)." *Id.* at 1343 (examining S. Rep. 98-225 and U.S.C.A.A.N.1984, pp. 3201, 3206). Thus, the court in *Holmes* held that "dangerousness as a grounds for detention is not excluded in cases involving detention hearings brought under (f)(2)." 438 F. Supp. 2d at 1351.  Rather, "whichever good faith basis justifies the hearing, if the outcome of the hearing is the conclusion that detention is warranted, [subsection (e)] requires that pretrial detention be imposed." *Id.* at 1350.  Other courts within the Eleventh Circuit have reached similar conclusions.  *See United States v. Ervin*, 818 F. Supp. 2d 1314, 1316 (M.D. Ala. 2011) (interpreting First, Second, and

6

Fifth Circuit cases to require review for both risk of flight and dangerousness in a hearing triggered by either subsection (f)(1) or (f)(2)); *United States v. Megahed*, 519 F. Supp. 2d 1236, 1249-50 (M.D. Fla. 2007) ("I would reject [other Circuits'] interpretation of the Act and find that the Act authorizes detention in any case in which the court determines after a due process hearing (1) by a preponderance of the evidence that no conditions of release will reasonably assure the appearance of the arrestee (risk of flight) or (2) by clear and convincing evidence that no conditions of release reasonably will assure the safety of another person or the community (dangerousness).").

Moreover, while the Eleventh Circuit has not ruled explicitly on this issue, it has approved consideration of all four factors under subsection (g), including danger to the community, when no crime listed in subsection (f)(1) has been charged. *See United States v. Ellis*, 646 F. App'x 889, 890 (11th Cir. 2016) (applying all four factors under subsection (g) under a risk-of-flight analysis in a fraud and money laundering case without addressing district court finding of danger to the community); *Alfred*, 2016 WL 5389185, at *1-2; *Wardlaw*, 2009 WL 10674241, at *1-2. The earlier *Giordano* decision is thus an outlier, and this Court should not adopt it. Moreover, in this case, it would be appropriate for this Court to consider dangerousness even under a *Giordano* analysis. *See supra* note 4.

### C. Other Circuits Have Adopted the Interpretation Urged by the Government

Other Courts of Appeals have also held that, regardless of whether subsection (f)(1) or (f)(2) triggers the hearing, dangerousness is appropriately considered in a detention analysis. For example, notwithstanding the Defendant's characterizations of certain cases, *see* Def. Reply at 3,

7

the Second and Fifth Circuits direct trial courts to determine whether conditions exist *both* to reasonably assure the defendant's presence *and* protect the safety of the community, regardless of the basis for the detention hearing under subsection (f). *See United States v. Clark*, No. 95-10612, 1995 WL 581606, at *1 (5th Cir. 1995) (explaining that if any circumstance listed under subsection (f) is present, then both risk of flight and dangerousness may be considered); *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) (holding that a "hearing can be held only if one of the six circumstances listed in (f)(1) *and* (2) is present" and that, if a non-violent offense is charged, a nexus to *one* of those circumstances is necessary);[5] *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988) (requiring a court to examine dangerousness and risk of flight if defendant "*either* has been charged with one of the crimes enumerated in Section 3142(f)(1) *or that the defendant presents a risk of flight* or obstruction of justice" (emphasis added)); *United States v. Madoff*, 586 F. Supp. 2d 240, 247 (S.D.N.Y. 2009) (examining, in a non-subsection (f)(1) case, whether the government established *either* risk of flight *or* danger to the community, and considering all four factors under subsection (g)).

---

[5] The Fifth Circuit in *Byrd* stated that it was adopting the rule of the First and Third Circuits. 969 F.2d at 109-10.  The court proceeded, however, to adopt the rule described above, and not the First and Third Circuit rule, *see id.* at 110, as reflected in the subsequent *Clark* decision cited above.  *See also Holmes*, 438 F. Supp. 2d at 1345 ("Notwithstanding the Fifth Circuit's own language stating its agreement with the First and Third Circuits, this Court does not read the *Byrd* holding to be wholly consonant with those other Circuits' conclusions limiting detention of persons based on dangerousness only to those cases involving the circumstances set forth in § 3142(f)(1).  Rather, the Fifth Circuit merely concluded that a detention hearing may not be held when none of the six bases in § 3142(f)(1) and (2) are present.").

Further, although the Third Circuit in *United States v. Himler* held that when a defendant is not charged with an offense listed in subsection (f)(1) and is not likely to obstruct justice, detention may only be based on risk of flight, 797 F.2d 156, 160 (3d Cir. 1986), subsequent cases in that Circuit indicate that all four factors under subsection (g) are properly considered once a hearing is triggered by either part of subsection (f).  *See United States v. Bowers*, 432 F.3d 518, 524 (3d Cir. 2005) (holding that when defendant is not charged with a crime of violence, subsection (f) "lists other grounds for holding a detention hearing, including a risk that the defendant will flee," and district court should apply "the § 3142(g) factors"); *United States v. Bryan*, No. 08-31, 2008 WL 4425816, at *2 (W.D. Pa. Sept. 30, 2008) (detaining fraud defendant based on *both* risk of flight *and* danger to community).[6]

### D. Judge Epps Properly Ordered the Defendant Detained as Both a Risk of Flight and a Danger to the Community

In this case, upon the government's showing that the Defendant posed a serious risk of flight, *see* 18 U.S.C. § 3142(f)(2)(A), Judge Epps convened two detention hearings to determine, for purposes of subsection (e), whether any condition or combination of conditions would reasonably assure both the Defendant's appearance *and* the safety of any other person and the community.  As required by statute, Judge Epps considered all four factors under subsection (g)

---

[6] The Defendant cites *United States v. Twine*, 344 F.3d 987 (9th Cir. 2003), to support her argument that the Ninth Circuit only permits dangerousness arguments after hearings triggered by subsection (f)(1). Def. Reply at 3.  The Defendant is incorrect.  *Twine* held that dangerousness to the community cannot be the *sole* basis for detention, but reached that conclusion specifically because allowing dangerousness to be the only basis "would render meaningless 18 U.S.C. § 3142*(f)(1) and (2)*." *Id.* at 987 (emphasis added).

and found that no such condition or combination of conditions could provide either assurance. Accordingly, following both detention hearings, Judge Epps ordered the Defendant detained. Dkt. Nos. 27, 115.

For all of the reasons the government has previously provided, Judge Epps's conclusions were correct. *See* Dkt. Nos. 99, 131. Because a defendant can be detained because she is a risk of flight *or* because she constitutes a danger to the community, Judge Epps's determination that the Defendant presents a risk of flight is alone sufficient to detain the Defendant. For the foregoing reasons, Judge Epps, and this Court, can also appropriately detain the Defendant based upon her dangerousness to the community. Whether that harm is considered on its own, or even, as in *Giordano*, in relation to the Defendant's risk of flight, it presents a compelling reason to continue detention.

## III. CONCLUSION

For all of the reasons stated in Judge Epps's detention order, the government's detention briefs, and the evidence presented at both detention hearings, there are simply no conditions of release that will reasonably assurance the Defendant's appearance or the safety of the community. The Defendant's latest argument concerning dangerousness to the community provides no reason to overturn Judge Epps's ruling. This Court, like Judge Epps, should order the Defendant detained pending trial.

>                                Respectfully submitted,
>                                R. BRIAN TANNER
>                                UNITED STATES ATTORNEY

*//s// Jennifer G. Solari*

Jennifer G. Solari
Assistant United States Attorney

*//s// David C. Aaron*

David C. Aaron
Trial Attorney
U. S. Department of Justice
National Security Division

*//s// Julie Edelstein*

Julie Edelstein
Trial Attorney
U. S. Department of Justice
National Security Division

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 27th day of November, 2017.

                                        R. BRIAN TANNER
                                        UNITED STATES ATTORNEY

                                        ***//s// Julie A. Edelstein***

                                        Julie A. Edelstein
                                        Trial Attorney

600 E Street, N.W.
Washington, D.C. 20004
(202) 233-2260